IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DOYLE MICHAEL SANDERS,          )
                                )
           Petitioner,          )
                                )
v.                              )   Case No. CIV 20-350-RAW-KEW
                                )
LUKE PETTIGREW, Warden,         )
                                )
           Respondent.          )

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkts. 5). Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. He is attacking his conviction in Hughes County District Court Case No. CF-2000-55 for four counts of Second Degree Felony Murder (Counts I-IV) and one count of Causing a Personal Injury Accident while Under the Influence of Alcohol (Count V). *Sanders v. State*, 60 P.3d 1048, 1049 (Okla. Crim. App. 2002).

Petitioner's sole ground for relief is a claim of ineffective assistance of counsel with respect to a jurisdictional claim under *McGirt v. Oklahoma*, 591 U.S. __, 140 S.Ct. 2452 (2020) (Dkt. 1 at 5, 12-14). Petitioner claims he is an Indian, his crimes occurred within the boundaries of the Choctaw and Chickasaw Reservations, and his crimes should have been prosecuted under the Major Crimes Act. *Id*. at 5, 14.

Respondent alleges, among other things, that Petitioner's habeas petition should be

dismissed as second or successive. In addition, his lack-of-jurisdiction claim is unexhausted, because his post-conviction proceedings in Hughes County Case No. CF-2000-55 still are pending in the state district court.[1]

Petitioner acknowledges he previously filed a § 2254 petition for a writ of habeas corpus in this Court, challenging his convictions in Hughes County District Court Case No. CF-2000-55 (Dkt. 1 at 3-4). In *Sanders v. Dowling*, No. CIV 13-498-JHP-KEW (E.D. Okla. Nov. 4, 2013), Petitioner presented four grounds for habeas relief: (1) improper admission of blood alcohol test, (2) erroneous instructions on the elements of the offenses, (3) cumulative error, and (4) excessive sentence. This Court dismissed Petitioner's first petition as time-barred, and the Tenth Circuit Court of Appeals denied a certificate of appealability and dismissed Petitioner's appeal in No. 14-7084 (10th Cir. Dec. 12, 2014). The Tenth Circuit subsequently construed Petitioner's response to the order denying certificate of appealability and dismissing appeal as a petition for rehearing and denied it as untimely. *Sanders*, No. 14-7084 (10th Cir. Jan. 6, 2015).

Petitioner now is seeking to have this Court undertake a second review of the merits of his conviction. This action, however, is prohibited by 28 U.S.C. § 2244(b):

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. . . .

28 U.S.C.A. § 2244.

It is Petitioner's burden to make a prima facie showing that he satisfies the AEDPA criteria. *See* 28 U.S.C. § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."). Petitioner, however, cannot make the proper showing to authorize the filing of a second and successive petition.

Furthermore, the present petition is unauthorized, because Petitioner failed to seek authorization from the Tenth Circuit to file it, pursuant to 28 U.S.C. § 2244(b)(3)(A). Petitioner's failure to obtain authorization is undisputed, leaving only the question of whether

3

to dismiss the petition for lack of jurisdiction or, "if it is in the interest of justice," transfer the petition to the Court of Appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008). It is, however, a waste of judicial resources to require the transfer of a frivolous, time-barred case. *Id*. at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)).

Respondent argues that because Petitioner's second or successive petition is time-barred under 28 U.S.C. § 2244(d)(1), a transfer is not warranted. The following dates are relevant to making this determination:

> **December 19, 2002:** Petitioner's convictions were affirmed on direct appeal by the Oklahoma Court of Criminal Appeals (OCCA). *Sanders v. State*, 60 P.3d 1048 (Okla. Crim. App. 2002) (Dkt. 6-2).
>
> **February 11, 2003:** Petitioner filed a motion requesting trial transcripts, which was denied by the state district court on **March 17, 2003** (Dkt. 6-3 at 14-15).
>
> **March 19, 2003:** Petitioner's Judgment and Sentence became final, because he did not file a petition for certiorari in the United States Supreme Court within 90 days of the OCCA's decision.
>
> **March 20, 2003:** Petitioner's statutory year in which to file a habeas petition began to run.
>
> **April 16, 2003:** Petitioner filed with the OCCA a motion for transcripts at public expense in OCCA Case No. MA-2003-404 (Dkt. 6-4). The OCCA construed the motion as a as an application for a writ of mandamus, requesting an order directing the provision of his jury trial transcripts (Dkt. 6-5). Mandamus relief was denied on **April 30, 2003**. *Id.*
>
> **June 4, 2003:** Petitioner filed with the state district court a "writ of mandamus," attempting to appeal the OCCA's denial of mandamus relief. (Dkt. 6-6). On **June 16, 2003**, the state district court dismissed Petitioner's

mandamus appeal for lack of jurisdiction (Dkt. 6-7).

**December 30, 2003:** Petitioner filed a second motion requesting trial transcripts with the state district court (Dkt. 6-8), which was denied on **February 13, 2004** (Dkt. 6-9).

**March 22, 2004:** Petitioner's statutory year expired on March 20, 2004, a Saturday, thereby making the next business day, **Monday March 22, 2004**, the last day for Petitioner to file his habeas petition.[2]

**December 14, 2004:** Petitioner filed a letter with the state district court requesting trial transcripts for the third time (Dkt. 6-10). On **January 14, 2005**, the request again was denied, because Petitioner or his counsel previously had been provided transcripts (Dkt. 6-3 at 15).

**January 18, 2008:** Petitioner filed with the state district court a request for post-conviction relief (Dkt. 6-11) and a motion for trial transcripts (Dkt. 6-3 at 16).  **On April 4, 2008**, the state district court denied Petitioner's post-conviction application (Dkt. 6-12). Petitioner did not appeal the denial of post-conviction relief to the OCCA.

**February 22, 2008:** Petitioner filed with the state district court a motion for summary disposition (Dkt. 6-13), which was denied on **April 4, 2008** (Dkt. 6-14).

**November 4, 2013:** Petitioner filed in this Court his first federal habeas corpus petition attacking his Hughes County convictions in Case No. CF-2000-55. *See Sanders*, No. CIV-13-498-JHP. The petition was dismissed as time-barred on September 30, 2014, and the Tenth Circuit denied a certificate of appealability and dismissed Petitioner's appeal on December 12, 2014 in Case No. 14-7084.

**March 20, 2012:** Petitioner filed with the state district court an ex parte communication requesting a sentence modification (Dkt. 6-15).  The state district court denied the request on **April 12, 2012** (Dkt. 6-3 at 16).

---

[2] *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that in computing time, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

>**June 5, 2018:**  Petitioner filed a motion to review trial transcripts (Dkt. 6-16), which the state district court denied on **July 6, 2018** (Dkt. 6-17)
>
>On **August 24, 2018**, Petitioner filed an amended motion to review transcripts (Dkt. 6-18), which the state district court denied on **September 7, 2018** (Dkt. 6-19).
>
>**October 7, 2020:**  Petitioner filed this second or successive petition for a writ of habeas corpus (Dkt. 1).

As set forth above, Petitioner's appeal of his conviction was affirmed by the Oklahoma Court of Criminal Appeals on December 19, 2002.  His conviction, therefore, became final on March 19, 2003, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court.  The statutory year began to run the next day on March 20, 2003, and it expired on March 22, 2004.  *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date).  This habeas corpus petition, filed on October 7, 2020, was untimely.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending.  State procedural law determines whether an application for state post-conviction relief is "properly filed."  *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003).

Petitioner did not initiate his post-conviction proceedings until January 18, 2008, more than three years after expiration of the limitation period.  Thus, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year

period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed *during* the limitations period" (emphasis added) (citing 28 U.S.C. § 2244(d)(2)).

During the statutory year, Petitioner filed requests for trial transcripts, and he appealed the denial of his transcript requests. His filings, however, did not constitute a request for collateral review of his conviction. Therefore, the time during which the transcript requests were pending did not statutorily toll the limitation period. *See Mack v. Falk*, No. 12-1303, 509 F. App'x 756, 758 (10th Cir. Feb. 4, 2013) (affirming the district court's conclusion that petitioner's request for transcripts during his statutory year did not toll the limitations period, because the request "did not constitute an application for post-conviction or other collateral review with respect to the pertinent judgment or claim"); *see also Wall v. Kholi*, 562 U.S. 545, 553 (2011) ("'Collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process."). As such, the Court finds Petitioner's petition is untimely, and the interests of justice would not be served by transferring the petition to the Tenth Circuit.

With regard to Petitioner's jurisdiction claim, the Court finds Petitioner may be attempting to avail himself of a later starting date for his statutory year through reliance on 28 U.S.C. § 2244(d)(1)(C) or § 2244(d)(1)(D). The former section provides that the one-year limitation period begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). The latter section provides a triggering date from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner asserts the state lacked jurisdiction to prosecute him because he is Indian, his crimes allegedly occurred within the boundaries of the Choctaw and Chickasaw Reservations, and his crimes fell under the Major Crimes Act (Dkt. 1 at 5, 14). He, however, provides no exhibits or documentation to support his claim that his crimes occurred within the boundaries of the Choctaw and Chickasaw Reservations. Further, although Petitioner generally claims he is an Indian, he fails to allege, much less prove, that he has Indian blood or was a recognized member of an Indian tribe when he committed his crimes. Instead, he alleges that "[t]he police department had a duty to determine Indian status" (Dkt. 1 at 12).

Respondent argues that *McGirt* does not provide Petitioner with a new starting date under AEDPA, because *McGirt* was merely an application of *Solem v. Bartlett*, 465 U.S. 463 (1984). The Northern District of Oklahoma recently rejected a petitioner's allegation that his jurisdictional claim premised on *McGirt* triggered a new starting date under § 2244(d)(1)(C). *See Berry v. Braggs*, No. 19-CV-0706-GKF-FHM, 2020 WL 6205849 (N.D. Okla. Oct. 22, 2020) (unpublished). In reaching this determination, the Northern District of Oklahoma reasoned that "even if *McGirt* could be read as broadly as petitioner appears to read it, the *McGirt* Court did not recognize any new constitutional rights when it determined

8

that Congress did not disestablish the Muscogee Creek Nation Reservation." *Id*., 2020 WL 6205849, at *7.

In *Hayes v. Bear*, No. CIV-18-391-D, 2018 WL 2943459 (W.D. Okla. June 12, 2018) (unpublished), the Western District of Oklahoma found the petitioner's attempt to raise an Indian Country claim must fail, because "[n]one of Petitioner's claims are based on newly-discovered facts." *Id.*, 2018 WL 2943459, at *2. The Court further explained:

> Petitioner identifies the date of discovery as August 8, 2018, which is the date that the court of appeals issued its initial decision [in] *Murphy v. Royal*, 866 F.3d 1164, 1189-90 (10th Cir.), *modified on denial of reh'g en banc*, 875 F.3d 896 (10th Cir. 2017), *cert. granted*, No. 17-1107, 2018 WL 74674 (May 21, 2018). *Murphy* provides the legal, not factual, predicate of one of Petitioner's claims. New legal developments are covered by subsection 2244(d)(1)(C), which does not apply here. . . .

*Hayes*, 2018 WL 2943459, at *2 n.2.

On June 9, 2020, the Supreme Court issued its *McGirt* decision, which held that the Creek Reservation in Oklahoma had not been disestablished by Congress and that McGirt should have been prosecuted in federal court under the Major Crimes Act. In its holding, the Supreme Court clarified that state and federal procedural bars still are applicable to claims regarding Indian Country. *See McGirt*, 140 S.Ct. at 2479 ("Other defendants who do try to challenge their state convictions may face significant procedural obstacles, thanks to well-known state and federal limitations on post-conviction review in criminal proceedings."); *id.* at 2481 ("Many other legal doctrines--procedural bars, res judicata, statutes of repose, and laches, to name a few--are designed to protect those who have reasonably labored

9

under a mistaken understanding of the law.").

One such federal limitation is the AEDPA statute of limitations, and Petitioner cannot use the *McGirt* publication date of July 9, 2020, because that case did not break any new ground or recognize any new rights. *See* 28 U.S.C. § 2244(d)(1)(C). "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (emphasis in original). Further, a case does not "announce a new rule" where "it 'was merely an application of the principle that governed'" an earlier decision. *Id*. at 307 (citation omitted). In *Perez v. Dowling*, 634 F. App'x 639, 643 (10th Cir. Dec. 15, 2015) (unpublished), the petitioner claimed his habeas petition was timely based on a new Supreme Court decision, *Rodriguez v. United States*, 575 U.S. 348 (2015), which he argued recognized a new constitutional right. In concluding that *Rodriguez* did not announce any newly-recognized right, the Tenth Circuit observed that "*Rodriguez* simply applied existing law." *Perez*, 634 F. App'x at 643. The same result is warranted in this case.

The decision in *McGirt* concluded that the Creek Reservation had not been disestablished primarily based on the application of *Solem* and an examination of statutes enacted in the late 1800s and early 1900s. *McGirt*, 140 S. Ct. at 2460-2468. Indeed, in rejecting the State's reliance on allotment to show disestablishment, the *McGirt* Court stated, "[W]e say nothing new. For years, States have sought to suggest that allotments automatically ended reservations, and for years courts have rejected the argument." *Id*. at

2464. As such, *McGirt* was a mere application of, and was dictated by, existing law. Further, the decision did not break any new ground or impose a new obligation on the State. *McGirt* simply held that the original Creek Reservation was still Indian Country for purposes of these statutes. Therefore, *McGirt* did not recognize a new constitutional right, much less a retroactive one. *Teague*, 489 U.S. at 301, 307; *Perez*, 634 F. App'x at 643.

Petitioner also is not entitled to any equitable tolling of the statute of limitations. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (2007) (citations omitted). Petitioner must make a specific showing of (1) lack of access to relevant materials and (2) the steps taken to diligently pursue his federal claims. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Here, the Court finds there is no evidence in the record to suggest that uncontrollable circumstances impeded him from timely filing his federal claim or that he is actually innocent of the charges of which he stands convicted. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

For the reasons set forth above, the Court finds this second or successive habeas petition, which was filed more than 16 years after Petitioner's statutory year expired, is time-barred and not subject to statutory or equitable tolling. The Court further finds it is not in the interests of justice to transfer this second or successive petition to the Court of Appeals for possible authorization under 28 U.S.C. § 2244(b)(3). The factual predicate of Petitioner's claim was available when he was charged in 2000 and when he filed his first habeas petition in 2013, and his claim does not rely on a new rule of constitutional law that was made retroactive. *See* 28 U.S.C. § 2244(b)(2).

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not "demonstrate[d] that reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, Petitioner should be denied a certificate of appealability.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 5) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 2ND day of August, 2021.

Honorable Ronald A. White
United States District Judge